J-A07016-18

2018 PA Super 111

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY WILLIAM MILLER | : | No. 779 MDA 2017 |

Appeal from the Order Entered May 1, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000150-2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

OPINION BY OLSON, J.:                                                    **FILED MAY 03, 2018**

The Commonwealth of Pennsylvania appeals from the May 1, 2017 order granting Gary William Miller's ("Appellee's") motion to suppress blood alcohol concentration ("BAC") test results, obtained after the reading of the newly-revised DL-26B form and without a warrant, during the course of a driving under the influence ("DUI") investigation.  Appellee argues that, because of a prior DUI arrest in which he received warnings pursuant to the prior DL-26 form, Appellee subjectively believed that the new form threatened enhanced criminal punishment if he refused to consent to a blood draw.  We hold that, under these circumstances, Appellee's (incorrect) subjective belief regarding the law cannot form the basis for the suppression of his BAC results. Accordingly, we reverse the trial court's suppression order and remand for further proceedings consistent with this opinion.

_____

*   Former Justice specially assigned to the Superior Court.

The factual background of this case is as follows. On June 29, 2016, Officer Robert Holt responded to a motor vehicle accident. Officer Holt suspected that Appellee, a driver of a vehicle involved in the accident, was intoxicated and requested Appellee perform field sobriety tests. Appellee failed those tests and was arrested for suspicion of DUI.

Officer Holt transported Appellee to the hospital where he read him the DL-26B form. That form informed Appellee that he would face possible civil penalties for failing to submit to a blood test; however, the form did not include a warning regarding enhanced criminal penalties for refusing a blood test. Thereafter, Appellee consented to the blood draw which showed that he had a BAC of .223.

The procedural history of this case is as follows. On February 16, 2017, the Commonwealth charged Appellee via criminal information with DUI – general impairment[1] and DUI – highest rate.[2] On February 23, 2017, Appellee moved to suppress the blood draw evidence. The trial court conducted a suppression hearing on March 28, 2017. On May 1, 2017, the trial court granted Appellee's suppression motion. The Commonwealth filed a timely notice of appeal.[3] **See** Pa.R.A.P. 311(d) (providing that the Commonwealth

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3802(c).

[3] The Commonwealth and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

may take an appeal as of right from an interlocutory order that substantially handicaps a prosecution).

The Commonwealth presents one issue for our review:

Did the trial court err in granting Appellee's [m]otion to [s]uppress because[,] based on the totality of the circumstances, Appellee voluntarily consented to the blood draw because, *inter alia*, he was not told that he would face harsher criminal penalties for refusing to submit to a blood test?

Commonwealth's Brief at 4.

The Commonwealth's sole issue challenges the trial court's suppression order. We review a trial court's order suppressing evidence for an abuse of discretion and our scope of review consists of "only the evidence from the defendant's witnesses along with the Commonwealth's evidence that remains uncontroverted." ***Commonwealth v. Maguire***, 175 A.3d 288, 291 (Pa. Super. 2017) (citations omitted).

Contemporaneously with this opinion, we issued ***Commonwealth v. Robertson***, 1493 MDA 2017 (Pa. Super. May 3, 2018). In ***Robertson***, we held that defendants are presumed to know case law in addition to statutory law. ***Id.*** (slip op. at 9-12). Moreover, in ***Robertson*** we rejected the argument that police have an affirmative duty to inform defendants that they do not face enhanced criminal penalties if they refuse a blood test. ***Id.*** (slip op. at 12-13). Hence, we reject the trial court's rationale for granting Appellee's suppression motion.

Having determined that the trial court's rationale was flawed, we turn to the alternative bases for affirmance advanced by Appellee; *i.e.* the totality of the circumstances establish that Appellees did not voluntarily consent to the blood draw. Under **Commonwealth v. Evans**, 153 A.3d 323 (Pa. Super. 2016), a trial court must consider the totality of the circumstances when determining if a defendant's consent to a blood draw was voluntary. **Id.** at 328 (citation omitted). As our Supreme Court explained:

> While there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.

**Commonwealth v. Gillespie**, 821 A.2d 1221, 1225 (Pa. 2003) (Eakin, J., opinion announcing the judgment of the court) (cleaned up), *citing* **Commonwealth v. Cleckley**, 738 A.2d 427, 433 n.7 (Pa. 1999).

First, Appellee relies heavily on **Commonwealth v. Myers**, 164 A.3d 1162 (Pa. 2017) in support of his contention that his consent was not voluntary. This argument, however, is based on a misunderstanding of the facts in **Myers**. In **Myers**, the defendant was unconscious. Hence, our Supreme Court held that the defendant was pharmacologically incapable of consenting to a blood draw. **Id.** at 1181. **Myers** does not implicate consent by individuals who are conscious, like Appellee in this case. Accordingly, Appellee's heavy reliance on **Myers** is misplaced.

- 4 -

Second, Appellee avers that he subjectively believed he would face increased criminal penalties if he refused a blood draw. Appellee avers that the last time he was arrested for DUI, prior to the Supreme Court of the United States' decision in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), he was read the DL-26 form. As we explained in **Robertson**, the DL-26 form included a warning that failure to submit to a blood draw would subject a defendant to enhanced criminal penalties. **See Robertson**, 1493 MDA 2017 (slip op. at 2 n.1). Appellee, therefore, argues that the trial court properly considered his subjective belief that enhanced criminal consequences attached to the refusal to consent to a blood draw.

Appellee's argument fails in light of our Supreme Court's decision in **Commonwealth v. Strickler**, 757 A.2d 884 (Pa. 2000). In **Strickler**, our Supreme Court explained that, while a defendant's subjective belief regarding his or her ability to refuse to consent to a search may be considered as part of the totality of the circumstances, it is the police officer's express warnings which are most important when evaluating subjective belief. **See id.** at 901. In other words, incorrect subjective beliefs that are contradicted by a police officer's actual statements to a defendant diminishes the weight a trial court may place on the defendant's errant subjective belief.

Officer Holt explicitly informed Appellee of his right to refuse a blood test and correctly warned him that refusal could lead to certain civil penalties. Appellee's failure to recognize that Officer Holt's warnings differed from those

he received in the past, and his reliance on the previous police interaction, cannot weigh heavily against finding voluntary consent. Instead, an incorrect subjective belief based on failure to listen to explicit warnings from police officers is entitled to little, if any, weight when evaluating the totality of the circumstances surrounding a consent to search.

We also find instructive a decision in a related field. As noted above, drivers face potential civil consequences for refusing to consent to a blood draw when police suspect they are driving under the influence. One of those civil penalties is driver's license suspension. If a driver knowingly refuses to submit to a blood draw, his or her driver's license is suspended for a specified period of time. In this context, our Supreme Court held that a driver's subjective belief about the accuracy of implied consent warnings is an insufficient basis to claim that refusal to submit to a blood test was involuntary. *Nardone v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 130 A.3d 738, 751 (Pa. 2015) (citation omitted). In light of *Birchfield*, the Commonwealth Court has held that *Nardone* is still good law. *Park v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 281 (Pa. Cmwlth. 2018) (citation omitted). It would be inconsistent to allow for an incorrect subjective belief regarding the criminal consequences of not consenting to a blood draw to be weighed heavily against a finding of voluntariness while an incorrect subjective belief regarding the consequences of refusing a blood draw is not dispositive in the civil context.

- 6 -

Instead, *Nardone* implies that an incorrect subjective belief regarding the consequences of not consenting to a blood draw is a minor factor when considering the totality of the circumstances.

Repeat DUI offenders, owing to past legal transgressions, are not entitled to a benefit that would be unavailable to first-time DUI offenders. Essentially, Appellee argues that repeat DUI offenders should be held to a lower standard than first-time DUI offenders. The absurdity of the argument is self-evident. Individuals that repeatedly endanger the lives of innocent civilians should be held to a higher standard than those that make a first-time mistake. Our General Assembly has recognized this fact by providing harsher penalties for repeat DUI offenders. *See* 75 Pa.C.S.A. § 3804. We refuse to provide an incentive for repeat DUI offenders by making it easier for them to suppress blood draw evidence. Accordingly, we hold that Appellee's argument related to his subjective belief of possible increased criminal penalties is without merit.

Turning to the *Cleckley* factors in determining whether Appellee voluntarily consented to the blood draw, we note the following. First, Appellee was in custody. Thus, the first factor weighed against a finding of voluntariness. Nevertheless, police did not use coercive tactics nor was Appellee under duress. Thus, the second factor weighed in favor of finding voluntariness. Appellee was properly advised of his right to refuse a blood draw. Hence, the third factor weighed in favor of a finding of voluntariness.

The fourth factor was either neutral or only slightly weighed against a finding of voluntariness due to Appellee's subjective belief regarding the consequences of refusing a blood draw. The fifth factor was neutral because no evidence was presented regarding whether Appellee was aware that incriminating evidence would be found in his blood. Finally, Appellee fully cooperated with police. Accordingly, the last factor weighed in favor of voluntariness. No reasonable fact-finder could weigh these factors and determine that Appellee's consent was involuntary. As such, we decline to remand this matter for further fact-finding and instead reverse the trial court's suppression order and remand for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018