J. S44040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TERRA N. MOHACSI, | : | No. 509 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 19, 2019,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-CR-0001842-2017

BEFORE: SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 18, 2020**

Terra N. Mohacsi appeals from the March 19, 2019 judgment of sentence entered by the Court of Common Pleas of Westmoreland County following her conviction of driving under the influence ("DUI") – highest rate of alcohol (BAC 0.16+) (second offense) and DUI – general impairment (second offense).[1] After careful review, we vacate appellant's judgment of sentence.

The trial court provided the following procedural history:

> [Appellant] was charged with the [aforementioned] offenses due to an incident that occurred on February 13, 2017[.]
>
> . . . .
>
> [Appellant] filed an omnibus pre-trial motion on August 7, 2017. In the motion, she argued that her consent to the blood draw was involuntary and no

---

[1] 75 Pa.C.S.A. §§ 3802 (c) and (a)(1), respectively.

other exception to the warrant requirement recognized in **Birchfield**[2] applies; therefore, the blood test results should be suppressed and [the count of DUI highest rate of alcohol] should be dismissed. An omnibus pre-trial motion hearing occurred before [the trial c]ourt on May 15, 2018. After reviewing briefs that were submitted by [appellant] and the Commonwealth, [the trial court] denied [appellant's] omnibus pre-trial motion.

A non-jury trial occurred before [the trial c]ourt on December 13, 2018. The parties did not present any additional testimony at the non-jury trial. They stipulated that the stop of [appellant's] vehicle was proper, that she was driving while impaired due to alcohol, a blood test was requested, and the result of the blood test was .238. Additionally, defense counsel noted that the stipulation regarding the blood test would include the facts set forth in the omnibus pre-trial motion hearing transcript. [Appellant] was found guilty [of the aforementioned charges] based upon the stipulation by the parties, the transcript, and the lab report that was admitted as Commonwealth's Exhibit 1.

Subsequently, [appellant] was sentenced on March 19, 2019, to the mandatory minimum on a Tier III second offense DUI. At Count 1 [(DUI highest rate of alcohol), appellant] was sentenced to five (5) years of intermediate punishment with six (6) months [of] home electronic monitoring. She was granted work release and ordered to pay a fine and restitution. She was also sentenced to an eighteen (18) month license suspension and was ordered to follow all treatment recommendations from her CRN evaluation.[3] Her sentence was to be terminated

---

[2] **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016).

[3] "A CRN evaluation is '[a] uniform prescreening evaluation procedure for all [DUI] offenders to aid and support clinical treatment recommendations offered to the judiciary, prior to sentencing. 67 Pa.Code § 94.2." **Commonwealth v. Parsons**, 166 A.3d 1242, 1244 n.1 (Pa.Super. 2017) (emphasis and citation omitted).

> after three (3) years, assuming she has completed the treatment and got into no other trouble. Count 2 [(DUI – general impairment)] merged for purposes of sentencing.

Trial court opinion, 4/23/19 at 1-2 (extraneous capitalization and citations to the record omitted; footnote omitted).

Appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> I.    Did the [t]rial [c]ourt err in failing to suppress the test results obtained by a warrantless search and seizure of [a]ppellant's blood?
>
> II.    Did the [trial c]ourt impose an illegal sentence in the [sic] failing to dismiss Count 1 of the Information and failing to sentence only at Count 2, an ungraded misdemeanor, with a maximum penalty of 6 months in prison, and a maximum twelve month driver's license suspension?

Appellant's brief at 4.

In her first issue, appellant contends that the trial court erred when it determined that appellant's consent to a warrantless blood draw was a knowing and voluntary relinquishment of her right to refuse. (**Id.** at 16.) Specifically, appellant argues that she subjectively believed that she would have faced enhanced criminal penalties if she refused to consent to a blood draw. (**Id.**) Appellant further contends that the police failed to provide her

with any warning pertaining to an effect of a potential refusal, nor did the police affirmatively tell appellant that she had a right to refuse the blood draw. (*Id.*)

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526-527 (Pa.Super. 2015), *appeal denied*, 135 A.3d 584 (Pa. 2016) (citation omitted).

Initially, we are guided by *Commonwealth v. McCoy*, 895 A.2d 18, 28 (Pa.Super. 2006), in which we concluded that Section 1547 is an implied consent statute applicable to all drivers and requires that a motorist consent to chemical tests under appropriate circumstances. *Id.*, citing *Commonwealth v. Mordan*, 615 A.2d 102 (Pa.Super. 1992).

Following the United States Supreme Court's decision in **Birchfield**, this court decided **Commonwealth v. Miller**, 186 A.3d 448 (Pa.Super. 2018), **appeal denied**, 199 A.3d 858 (Pa. 2018). In **Miller**, the defendant argued that because of a prior DUI arrest, he was under the subjective belief that he was subject to enhanced criminal punishment if he refused to consent to a blood draw. **Id.** at 449-450. The **Miller** court, citing a contemporaneous decision in **Commonwealth v. Robertson**, 186 A.3d 440 (Pa.Super. 2018), **appeal denied**, 195 A.3d 852 (Pa. 2018), rejected the suppression court's rationale for granting the defendant's motion to suppress because "defendants are presumed to know case law in addition to statutory law," and the police do not have an affirmative duty to "inform defendants that they do not face enhanced criminal penalties if they refuse a blood test." **Miller**, 186 A.3d at 450, citing **Robertson**, 186 A.3d at 446; **see also Commonwealth v. Krenzel**, 209 A.3d 1024, 1029 (Pa.Super. 2019) (finding that a defendant's reliance on her subjective, albeit erroneous, misunderstanding of constitutional law does not render her consent involuntary), **appeal denied**, 2019 WL 6873117 (Pa. 2019).

Our inquiry, however, does not end there. The **Krenzel** court further held that a police officer has an affirmative duty to inform an individual of his or her rights to refuse to consent to a blood draw under form DL 26B or Section 1547. **Id.** at 1032. Failure to do so on the part of the officer renders an individual's consent involuntary because without being informed of the

consequences of refusing to submit to a blood draw, an individual's consent is neither a knowing nor conscious choice.  **Id.**

Here, at the time the police requested appellant to consent to a blood draw, appellant had been orally notified that she was under arrest for DUI, but she had not been placed into physical custody.  (Notes of testimony, 5/15/18 at 7-8.)  The record reflects that appellant consented to the request for a blood draw without asking any further questions.  (**Id.** at 8.)  Appellant testified that she consented to the blood draw because she "understood that if [she] did not consent to the blood draw that [she] would receive[,] at minimum[,] a year license suspension or a possibility [of] facing time in jail." (**Id.** at 15.)  Appellant attributed this to "knowing other people that have gone through similar circumstances."  (**Id.** at 15-16.)  There is no evidence of record that the police used duress or any coercive tactics in order to obtain appellant's consent for a blood draw.

The record, however, further reflects that the police did not advise appellant of her right to refuse to consent to the blood draw or of the consequences that could result from such a refusal.  (**Id.** at 4, 7-8.) Accordingly, because appellant's consent to the blood draw was neither knowing nor conscious, we find that the trial court erred as a matter of law in denying her suppression motion.  **Krenzel**, 209 A.3d at 1032.  We, therefore, vacate appellant's judgment of sentence.

Because we have vacated appellant's judgment of sentence and remanded for a new trial, further discussion of appellant's second issue is not necessary, as the issue is now moot.

Judgment of sentence vacated.  Order denying suppression reversed. Case remanded for a new trial.  Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2020