J-A28002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
CORDELL ANTHONY LIVINGSTON : No. 2540 EDA 2022

Appeal from the Order Entered August 31, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001995-2021

BEFORE: OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JANUARY 14, 2026**

The Commonwealth of Pennsylvania appeals from the order entered on

August 31, 2022, which granted the suppression motion filed by the

defendant, Cordell Anthony Livingston ("the Defendant"). We affirm.

On May 13, 2020, the Defendant was arrested and charged with a

number of crimes, including possessing a controlled substance with the intent

to deliver ("PWID") and criminal conspiracy.[1] The Defendant filed a pre-trial

motion, where he sought to suppress certain evidence against him. *See* The

Defendant's Pre-Trial Motion, 7/8/21, at 1-3.

On July 22, 2022, the trial court held a suppression hearing. The trial

court ably summarized the evidence it heard during the hearing:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

On May 13, 2020 at approximately 8:30 a.m. Trooper James Nolan of the Pennsylvania State Police was in his fully marked patrol vehicle observing southbound traffic on Interstate 95 in Tinicum Township, Pennsylvania. At the time and place in question, the trooper observed a black Infinity G35 with heavily tinted windows bearing a Virginia license plate and began to follow same. The trooper clocked the vehicle in question at 70 m.p.h. for [0.3] miles with his calibrated police vehicle which was also equipped with a motor vehicle recorder [("MVR")]. The speed limit in this area on Interstate 95 is 55 [miles per hour.]

The trooper testified that although through training and experience it was his belief that a lot of people from out of state come to Philadelphia to obtain large quantities of drugs and take them back to their respective cities he did not know whether this vehicle had actually stopped in Philadelphia or not. After the vehicle in question was stopped Trooper Nolan exited his patrol car and approached [the Defendant's] vehicle from the passenger side during which time he observed "[a] lot of movement within the vehicle. It looked like people were moving around of [*sic*] the vehicle and the car was bouncing back and forth as if they switched seats." The [trooper] testified that such movement was unusual in his experience.

During the suppression hearing, the tape of the [MVR] in Trooper Nolan's vehicle was placed into evidence without objection. All counsel agreed that the court could review the MVR in its entirety at a later date in chambers. The court did, in fact, conduct such review in chambers.

The review revealed that as the Trooper approached [the Defendant's] vehicle after it [had] been pulled over there was some perceptible movement [in] the vehicle consistent with a person or persons moving around within the interior of said vehicle.

When asked about the movement inside the car, [the Defendant, who was then in the passenger's seat,] told Trooper Nolan that [he and his co-defendant, Jonathan Moore ("Mr. Moore")] had switched seats. Upon his initial approach the passenger window was cracked about [four] inches and

the trooper immediately smelled a very large odor of marijuana and air fresheners such as cologne along with little trees hanging on the floorboard which Trooper Nolan felt was indicative of a criminal element within the vehicle.

[The Defendant and Mr. Moore] produced their driver's licenses upon request. [The Defendant's] license was suspended[;] however, Mr. Moore's license was valid. The vehicle's registration came back to Sharon Horton. Neither occupant provided any information about Ms. Horton and the vehicle had not been reported stolen. The trooper [did not] recall ever asking the occupants what their relationship may have been to the owner [of the vehicle]. When asked why that issue was not raised, the trooper stated that he made the decision to conduct a probable cause search of the vehicle as soon as he smelled the marijuana.

Although Trooper Nolan told the court he smelled the odor of burnt marijuana he had earlier told defense counsel that he could not recall if the smell was from fresh marijuana or not. Trooper Nolan was told that the occupants had changed seats in the vehicle, although there is no indication in the record that the trooper interrogated the passengers as to the reason for the switch or that either occupant volunteered such information.

Neither of the occupants of the vehicle consented to a search of the car and Trooper Nolan conceded that there was nothing precluding him or his fellow officer from obtaining a search warrant for the vehicle in question.

. . .

When asked by the [trial court] why the ownership issue was not pursued, Trooper Nolan [testified]:

I think at that point, again, pre-**Alexander**,[2] I knew that I was going to search the vehicle anyway ... I kind of was just trying to get straight to the point.

_____

[2] The Pennsylvania Supreme Court decided **Commonwealth v. Alexander** in December 2020. In **Alexander**, the Supreme Court overruled prior
*(Footnote Continued Next Page)*

> [As Trooper Nolan testified: "in the rear seat of the vehicle, I noticed the armrest was down, which then has a little lever door that you can gain entry to the trunk. I opened that [little lever] door, and there were two pounds of marijuana vacuum-sealed sitting right there."]

Trial Court Opinion, 1/5/23, at 3-5 (citations omitted).

On August 31, 2022, the trial court granted the Defendant's motion and suppressed all evidence against the Defendant. **See** Trial Court Order, 8/31/22, at 1-6. Regarding the Commonwealth's claim that the Defendant failed to demonstrate an expectation of privacy in the vehicle, the trial court declared: "[i]n the instant matter the Commonwealth failed to establish [the Defendant's] lack of privacy interest. Accordingly, the burden never shifted to the [Defendant] and the Commonwealth's argument must fail." Trial Court Statement of Facts, 8/31/22, at 5.

The Commonwealth filed a timely notice of appeal and, within its notice, the Commonwealth properly certified that the trial court's order "will terminate or substantially handicap the prosecution." Commonwealth's Notice of Appeal, 9/29/22, at 1; **see also** Pa.R.Crim.P. 311(d). The Commonwealth raises one claim to this Court:

> Did the lower court err in granting [the Defendant's] motion to suppress where: (1) the evidence that [the Defendant]

---

precedent and held that, under Article I, Section 8 of the Pennsylvania Constitution, "warrantless vehicle searches require both probable cause and exigent circumstances; one without the other is insufficient." **Commonwealth v. Alexander**, 243 A.3d 177, 207 (Pa. 2020) (quotation marks and citations omitted).

had been driving an out-of-state car registered to someone else was sufficient to meet the Commonwealth's initial burden of production; and (2) [the Defendant] did not even attempt to establish a reasonable expectation of privacy in the car?

Commonwealth's Brief at 4.[3]

On appeal to this Court, we originally vacated the trial court's suppression order and remanded for further proceedings. We originally declared:

> Following the suppression hearing, the trial court found, as a fact, that: the Defendant was driving the vehicle in Pennsylvania, without a license; the vehicle had a Virginia license plate; the vehicle was registered to a third-party named Sharon Horton; and, "[n]either [the Defendant nor Mr. Moore] provided any information about Ms. Horton" during the traffic stop or the suppression hearing. **See** Trial Court's Statement of Facts, 8/31/22, at 1-4. Under our precedent, the trial court's factual findings prove that the Commonwealth carried its initial burden of coming forward with sufficient evidence showing that the Defendant lacked a privacy interest in the vehicle.
>
> . . .
>
> Since the Commonwealth came forward with evidence tending to show that neither the Defendant nor Mr. Moore were the registered owners of the vehicle, the burden shifted to the Defendant to prove that he had a privacy interest in the vehicle. However, neither the Defendant nor Mr. Moore presented any evidence during the suppression hearing. Further, no evidence was presented during the hearing that

---

[3] **See also** the Commonwealth's Rule 1925(b) Statement, 10/26/22, at 1 (preserving the sole claim: "[t]he Commonwealth presented evidence that the car was registered to a person other than either occupant of the car. Where the Commonwealth meets that initial burden, then the burden shifts to defendant to prove he had a privacy interest in the car searched. Defendant presented no such evidence").

would support a conclusion that the Defendant had an expectation of privacy in the vehicle, which he did not own, that was not registered to him, and for which he has not shown authority to operate.

*Commonwealth v. Livingston*, 315 A.3d 79 (Pa. Super. 2024), at \*\*4-5 (non-precedential decision) (footnote and some quotation marks and citations omitted), *overruled by Commonwealth v. Anderson*, 340 A.3d 297 (Pa. 2025).

We thus originally vacated the trial court's suppression order and remanded for further proceedings. Our holding was based upon our precedent at the time, including: *Commonwealth v. Jones*, 874 A.2d 108, 120 (Pa. Super. 2005) (holding: the appellant did not possess a reasonable expectation of privacy in a vehicle where: "he was the operator of a rental car but not the named lessee, was not an authorized driver, the named lessee was not present in the vehicle, [a]ppellant offered no explanation of his connection to the named lessee, and the return date for the rental car had passed"); *Commonwealth v. Burton*, 973 A.2d 428, 436 (Pa. Super. 2009) (*en banc*) (holding that the defendant did not have an expectation of privacy in a vehicle, where he did not own the vehicle and where he "offered no evidence to explain his connection to the vehicle or his connection to the registered owner of the vehicle"); *Commonwealth v. Cruz*, 21 A.3d 1247, 1251–1252 (Pa. Super. 2011) (holding that the defendant did not demonstrate he had an expectation of privacy in the vehicle he was driving at the time of the stop because the defendant "presented no evidence that he owned the vehicle, that it was registered in his name, or that he was using it

with the permission of the registered owner"); ***Commonwealth v. Maldonado***, 14 A.3d 907 (Pa. Super. 2011) (holding:  where the Commonwealth presented evidence at the suppression hearing establishing that the vehicle the defendant was driving was owned by his girlfriend, the burden then shifted to the defendant to establish an expectation of privacy in the vehicle; however, since there was "no evidence that [the defendant] had permission from [his girlfriend] to drive the car," the defendant "failed to establish an expectation of privacy in the vehicle he was driving"); ***see also Commonwealth v. Peak***, 230 A.3d 1220, 1224 (Pa. Super. 2020) ("a driver who does not own a vehicle may still establish an expectation of privacy in the vehicle if he can prove he has permission or authority from the owner to drive the vehicle").

The Defendant filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court and our Supreme Court held the case pending its resolution of ***Commonwealth v. Anderson***, 340 A.3d 297 (Pa. 2025).  In ***Anderson***, a police officer witnessed a Jeep turn left without signaling and thus initiated a traffic stop of the vehicle.  The Jeep was operated by George Anderson ("Defendant Anderson") and, during the course of the stop, the officer discovered:  the Jeep was registered to a person named Marchell Scott; the vehicle's registration was expired; and, Defendant Anderson's driver's license was suspended.  ***Commonwealth v. Anderson***, 340 A.3d 297, 301 (Pa. 2025).

After smelling "a strong odor of marijuana" and witnessing Defendant Anderson's nervous behavior, the officer requested that Defendant Anderson step out of the vehicle. The officer then conducted a warrantless, protective search of the vehicle and discovered a firearm in the center console, as well as three bags of marijuana sitting on the passenger side of the vehicle. *Id.* at 301.

Prior to trial, Defendant Anderson filed a motion seeking to suppress all of the physical evidence against him. Following the suppression hearing, the Commonwealth requested that the trial court deny the motion, as Defendant Anderson "failed to carry his burden to establish he had a reasonable expectation of privacy in the car." *See id.* at 302. As the Commonwealth argued, "once it presented evidence the car was registered to Scott, rather than [Defendant Anderson], the burden shifted to [Defendant Anderson] to establish a reasonable expectation of privacy in the vehicle." *See id.* at 305. According to the Commonwealth, since Defendant Anderson "offered the suppression court nothing" to meet this burden, the Commonwealth requested that the trial court deny the suppression motion. *See id.*

The trial court denied Defendant Anderson's motion and, following trial, Defendant Anderson was convicted of the possessory offenses. *See id.* at 302. On appeal to this Court, we affirmed Defendant Anderson's judgment of sentence and rejected his challenge to the suppression court's order, reasoning: "[Defendant Anderson] failed to establish a reasonable expectation of privacy in the vehicle he was driving . . . [, as] he was driving

a car that was not registered to him . . . [and] presented no evidence that he had permission to drive the car on the day of his arrest. " ***Commonwealth v. Anderson***, 311 A.3d 560 (Pa. Super. 2023) (non-precedential decision), at *5, *vacated by* **Commonwealth v. Anderson**, 340 A.3d 297 (Pa. 2025).

The Pennsylvania Supreme Court granted Defendant Anderson's petition for allowance of appeal, limited to the following issue: "whether the Commonwealth carries its initial burden of production to establish a driver lacked a reasonable expectation of privacy in his car by solely presenting evidence the car was registered to someone else." **Anderson**, 340 A.3d at 300-301. The **Anderson** Court held that this evidence, by itself, was insufficient to satisfy the Commonwealth's initial burden of production and, thus, vacated our order. ***See id.*** The **Anderson** Court explained:

> Although the defendant bears the ultimate burden of persuasion with respect to his reasonable expectation of privacy, the Commonwealth bears the initial burden of production to present evidence the defendant lacked such an expectation. Pa.R.Crim.P. 581(H) ("The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights."). The Commonwealth must satisfy this initial burden of production by a preponderance of the evidence. . . . The Commonwealth may sustain its threshold preponderance burden by means of circumstantial evidence.
>
> Of course, the Commonwealth may concede the privacy interest, choosing to contest only the legality of police conduct, and if it does so, the defendant's reasonable expectation of privacy need not be established. However, if the evidence of the Commonwealth, the party with the burden of production, shows the defendant lacked such a privacy interest, the burden of establishing the contrary is on

the defendant. In other words, upon the Commonwealth's satisfaction of its threshold burden of production to demonstrate by a preponderance of the evidence that the defendant lacked a reasonable expectation of privacy, the defendant must carry his burden of persuasion to establish his privacy interest in the area searched or evidence seized. While the defendant will typically present his own evidence to satisfy this burden, he is not required to do so, and may meet his burden of persuasion through evidence adduced entirely by the Commonwealth.

Here, the Superior Court's holding that [Defendant Anderson] failed to establish a reasonable expectation of privacy in the vehicle he was driving was based exclusively on the evidence "he was driving a car that was not registered to him." Thus, the panel determined the fact the car was registered to someone other than [Defendant Anderson] was alone sufficient to sustain the Commonwealth's initial burden of production to show by a preponderance of the evidence that [Defendant Anderson] lacked a reasonable expectation of privacy in the vehicle. The Commonwealth likewise insists the evidence the car was not registered in [Defendant Anderson's] name was, in and of itself, adequate to shift the burden of persuasion to [Defendant Anderson]. We cannot agree.

The bare fact the car driven by [Defendant Anderson] was not registered to him did not, without more, render it more likely than not that he lacked a reasonable expectation of privacy in the vehicle. To be sure, this evidence supported that [Defendant Anderson] did not own the car. In Pennsylvania, only the owner of a vehicle can register it with the Commonwealth's Department of Transportation. However, . . . ownership is not a prerequisite to a reasonable expectation of privacy. Irrespective of whether the defendant owns the property at issue, a legitimate privacy interest may nonetheless arise from the defendant's lawful possession or control thereof. While the registration evidence was indicative of non-ownership, it did not meaningfully speak to the issue of lawful possession, much less make it more likely than not that [Defendant Anderson] did not lawfully possess the vehicle. Clearly, [Defendant Anderson] did not have to own the car or have it registered in his name in order for him to lawfully possess it. On the contrary, there

are any number of plausible scenarios under which a driver may lawfully possess a car registered to someone else. For example, the registered owner could have specifically lent the car to the driver; the owner and driver may have an ongoing agreement allowing the driver to use the car; they could be members of the same household with an implicit arrangement to share the vehicle; the driver could have rented the car from the owner; the driver could have rented the car from someone else in good faith; an additional lawful possessor of the car besides the owner could have given the driver permission to use it; the owner could have abandoned the car; or the car could have been sold or otherwise transferred to the driver but the registration was not updated to reflect this fact. This is surely not an exhaustive list. Indeed, we find it safe to presume that at any given time on the roadways of this Commonwealth, there are a great many drivers in lawful possession of vehicles registered to someone else. Given the many and varied circumstances under which [Defendant Anderson] could have lawfully possessed the car, the thin reed of the car's registration in Scott's name, standing alone, did not carry the Commonwealth's threshold burden to establish by a preponderance of the evidence that he was not in lawful possession of the vehicle and thus lacked a reasonable expectation of privacy. In so concluding, we are obliged to hold the Superior Court erred. We hold instead that evidence indicating the driver of a vehicle is not the registered owner, standing alone, is insufficient to meet the Commonwealth's initial burden of production and, consequently, such evidence does not shift the burden of proving a reasonable expectation of privacy to the defendant.

*Anderson*, 340 A.3d at 308-310 (footnotes and some quotation marks and citations omitted).

The Supreme Court thus vacated our decision in *Anderson* and remanded the case to our Court to consider, among other things, the separate question of "whether the Commonwealth here carried its threshold burden based on the totality of the evidence, and if so, whether [Defendant Anderson] sustained his ultimate burden of persuasion." *Id.* at 310.

- 11 -

Following **Anderson**, the Supreme Court vacated our prior decision in **Livingston** and remanded the case to our Court for reconsideration. Order, 147 MAL 2024, at 1. We now affirm the trial court's order, which granted the Defendant's suppression motion.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." **Commonwealth v. Wallace**, 42 A.3d 1040, 1047–1048 (Pa. Super. 2012) (*en banc*); **see also** Pa.R.Crim.P. 581(H). If the defendant prevails in the underlying proceeding, "[w]e review a trial court's order suppressing evidence for an abuse of discretion and our scope of review consists of only the evidence from the defendant's witnesses [during the suppression hearing,] along with the Commonwealth's evidence that remains uncontroverted." **Commonwealth v. Miller**, 186 A.3d 448, 450 (Pa. Super. 2018) (quotation marks and citations omitted). "Where the [trial] court's factual findings are supported by the record, we are bound by these findings and may reverse only if the [trial] court's legal conclusions are erroneous." **Commonwealth v. Palmer**, 145 A.3d 170, 173 (Pa. Super. 2016) (quotation marks and citations omitted). Relatedly, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." **Commonwealth v. Gallagher**, 896 A.2d 583, 585 (Pa. Super. 2006) (quotation marks and citations omitted). However, "we maintain *de novo* review over the suppression court's legal conclusions."

*Commonwealth v. Korn*, 139 A.3d 249, 253 (Pa. Super. 2016) (quotation marks and citations omitted).

"Generally, to have standing to pursue a suppression motion under Pa.R.Crim.P. 581, the defendant's own constitutional rights must have been infringed." *Commonwealth v. Enimpah*, 106 A.3d 695, 698 (Pa. 2014). "However, it is well settled that a defendant charged with a possessory offense in this Commonwealth has 'automatic standing' because the charge itself alleges an interest sufficient to support a claim under Article I, § 8." *Id.* (brackets and some quotation marks and citations omitted). "This rule entitles a defendant to a review of the merits of his suppression motion without a preliminary showing of ownership or possession in the premises or items seized." *Id.*

In order to prevail on a suppression motion, however, "a defendant must show that he had a privacy interest in the place invaded or thing seized that society is prepared to recognize as reasonable." *Id.* at 699. "The expectation of privacy is an inquiry into the validity of the search or seizure itself; if the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, § 8 is implicated." *Id.*

Although "the defendant bears the burden of persuasion with respect to his privacy interest," the Commonwealth bears the initial burden of production "to present evidence that the defendant's constitutional rights were not infringed." *Id.* at 701. Thus, in cases where the Commonwealth contests the defendant's expectation of privacy, the Commonwealth bears the initial

- 13 -

burden of coming forward with sufficient evidence "show[ing that] the defendant lacked such a privacy interest." *Id.*

On appeal, the Commonwealth claims the trial court erred when it determined the Commonwealth failed to carry its initial burden of demonstrating that the Defendant lacked a reasonable expectation of privacy in the vehicle. The Commonwealth argues that, since the trial court found, as a fact, that the vehicle was registered to a third-party named Sharon Horton, the burden shifted to the Defendant and required the Defendant to prove he had a privacy interest in the vehicle. According to the Commonwealth, since there was no evidence presented at the suppression hearing tending to show that the Defendant had an expectation of privacy in the vehicle, the trial court erred when it granted the Defendant's motion to suppress. *See* Commonwealth's Brief at 10-11.

The Commonwealth's claim fails under *Anderson*. As the Commonwealth argues on appeal: "[t]he evidence that [the Defendant] had been driving a car registered to someone else out-of-state was more than adequate to meet the Commonwealth's initial burden of product . . . [and] since [the Defendant] offered [] no explanation . . . for his possession of the car, the [trial] court should have held that [the Defendant] had not established a reasonable expectation of privacy in the vehicle." Commonwealth's Brief at 10-11. Thus, in the Commonwealth's view, "evidence that a driver is not the registered owner is sufficient by itself to carry the Commonwealth's initial burden of production . . . that [the driver] was not in lawful possession of the

- 14 -

vehicle." ***See Anderson***, 340 A.3d at 310; ***see also*** the Commonwealth's Rule 1925(b) Statement, 10/26/22, at 1 (preserving the sole claim:  "[t]he Commonwealth presented evidence that the car was registered to a person other than either occupant of the car.  Where the Commonwealth meets that initial burden, then the burden shifts to defendant to prove he had a privacy interest in the car searched.  Defendant presented no such evidence").

***Anderson***, however, rejected the Commonwealth's precise claim and expressly held:  "evidence indicating the driver of a vehicle is not the registered owner, standing alone, is insufficient to meet the Commonwealth's initial burden of production and, consequently, such evidence does not shift the burden of proving a reasonable expectation of privacy to the defendant." ***Anderson***, 340 A.3d at 310.  Thus, the Commonwealth's claim on appeal fails.

The Commonwealth is the appellant in this case.  And, since the Commonwealth's sole claim on appeal fails, we affirm the trial court's order granting the Defendant's motion to suppress. ***See Commonwealth ex rel. Robinson v. Robinson***, 478 A.2d 800, 804 (Pa. 1984) (holding:  absent certain limited exceptions, the Superior Court may not *sua sponte* raise issues on appeal).

Order affirmed.  Jurisdiction relinquished.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/14/2026</u>