J-A26007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUAN JAVIER VARGA ROSARIO :
:
Appellant : No. 1594 WDA 2024

Appeal from the Judgment of Sentence Entered November 22, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007077-2023

BEFORE:  OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:              **FILED: FEBRUARY 25, 2026**

Appellant, Juan Javier Varga Rosario, appeals from the judgment of

sentence imposed on November 22, 2024, by the Court of Common Pleas of

Allegheny County.  He challenges the denial of his suppression motion.  Upon

review, we affirm.

The trial court summarized the facts as follows:

At 6:49am on April 29, 2023, Officer [Corey] Fogel of the Ohio
Township Police Department was called to an incident involving a
vehicle parked on a hillside.  The driver of the vehicle was
identified as [Appellant].  Officer Fogel obtained [Appellant's]
information and driver's license.  The officer observed [Appellant]
to have slow and sluggish behavior and the odor of alcohol about
him.  A review of Officer Fogel's body worn camera showed that
he had extensive verbal interactions with [Appellant].

The officer expressed no concerns about [Appellant's] ability to
understand him and the instructions provided, nor did [Appellant]
express any inability to understand the officer.  In fact, the officer
asked [Appellant] if he understood the officer's directions and he
responded that he did.

[Appellant] was put through a series of field sobriety tests which he completed. These included the horizontal gaze nystagmus test and the finger to nose test. [Appellant] communicated using English and indicated that he had injured his leg in a motorcycle accident, so the one leg stand test was started but not completed. [Appellant] completed the finger to nose test using the correct hand as verbally instructed six out of six times. After a failed attempt at a portable breath test, [Appellant] was read the DL-26B form in its entirety and consented to a blood draw. [The results showed a blood alcohol content of .104% and the presence of THC].

Trial Court Opinion, 3/10/25, at 1-2. Appellant was charged with four subsections of the driving under the influence ("DUI") statute, 75 Pa.C.S.A. § 3802. Two additional DUI counts were added by Information on November 6, 2023.

On August 30, 2024, Appellant filed an omnibus pretrial motion. In it, he argued that his constitutional rights were violated because of a substantial language barrier. Appellant is a native Spanish speaker, and English is a secondary language. He argues that Officer Fogel's failure to request an interpreter or use a translation service when communicating with Appellant violated his rights under the equal protection clause of the United States and Pennsylvania Constitutions. Therefore, Appellant contends, his consent to a blood draw was not voluntary, knowing or intelligent, and the results must be suppressed.

A hearing was held on October 10, 2024, and the matter was taken under advisement. On November 22, 2024, the trial court announced its decision to deny Appellant's motion in open court and the case proceeded to a stipulated bench trial. *See generally* N.T. Hearing, 11/22/24. Appellant

was found guilty of three counts of DUI. He was sentenced on Count 1 (DUI: Controlled Substance or Metabolite – 2nd offense[1]) to 18 months of probation with 90 days on electronic monitoring. The remaining DUI convictions merged for sentencing. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant raises a sole issue for our review:

> Whether the trial court erred in denying suppression of the results of the blood draw, the waiver of his **Miranda** rights, and any statements or evidence derived therefrom as they were obtained in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and Article I § 29 of the Pennsylvania Constitution.

Appellant's Brief, at 5.

Our standard of review when addressing a challenge to the denial of a suppression motion is

> limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted.

**Commonwealth v. Yandamuri**, 159 A.3d 503, 516 (Pa. 2017) (internal citations omitted). Our scope of review is limited to the record created during the suppression hearing. **In re L.J.**, 79 A.3d 1073, 1085 (Pa. 2013).

---

[1] 75 Pa.C.S.A. § 3802(D)(1).

- 3 -

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." ***Commonwealth v. Luczki***, 212 A.3d 530, 542 (Pa. Super. 2019). "If there is sufficient evidence of record to support the suppression court's ruling and the court has not misapplied the law, we will not substitute our credibility determinations for those of the suppression court judge." ***Commonwealth v. Johnson***, 86 A.3d 182, 187 (Pa. 2014).

It is well-settled that "an appellate court is limited to considering only the materials in the certified record when resolving the issue." ***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014) (citation omitted). Where, as here, the appellant has not made the transcript of the proceedings at issue a part of the certified record, we have said:

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . . When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

***Id.*** (some citations omitted).

In the instant case, the transcript of the suppression hearing is not part of the certified record. Both parties' briefs, however, cite to the transcript. Thus, we presume that a transcript was created, but not properly filed with the clerk of the lower court. However, video of Officer Fogel's body worn camera was admitted into evidence during the suppression hearing and is part

of the certified record. Therefore, under the circumstances, we decline to find waiver because Appellant's claim can be resolved in the absence of the transcript by viewing video from Officer Fogel's body worn camera.

On appeal, Appellant complains that all communications with Officer Fogel and his partner occurred in English, which is not Appellant's native language. He contends that this language barrier weighed against a finding of voluntary consent to the blood draw. To support this contention, Appellant relies on **Commonwealth v. Carmenates**, 266 A.3d 1117 (Pa. Super. 2021) (*en banc*) for the proposition that a substantial language barrier can render consent invalid.

It is well-settled that the taking of a blood sample is a search within the meaning of the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution; therefore, police officers may not compel an individual to undergo a blood draw without a search warrant or applicable exception. **See Commonwealth v. Johnson**, 188 A.3d 486, 489 (Pa. Super. 2018). One such exception is consent. **See Carmenates**, 266 A.3d at 1123.

"[A] trial court must consider the totality of the circumstances when determining if a defendant's consent to a blood draw was voluntary." **Commonwealth v. Miller**, 186 A.3d 448, 451 (Pa. Super. 2018). We are further guided by the following precedent:

> In determining the validity of a given consent, the Commonwealth
> bears the burden of establishing that a consent is the product of

an essentially free and unconstrained choice – not the result of duress of coercion, express or implied, or a will overborne – under the totality of the circumstances.

* * * *

Where there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.

**Commonwealth v. Krenzel**, 209 A.3d 1024, 1028-29 (Pa. Super. 2019).

"[K]knowledge of the right to refuse to consent to the search is a factor to be taken into account, [but] the Commonwealth is not required to demonstrate such knowledge as a prerequisite to establishing voluntary consent." **Carmenates**, 266 A.3d at 1124.

Here, Appellant argues that "the Commonwealth failed to demonstrate that [Appellant] understood that he could refuse to consent to the blood draw[.]" Appellant's Brief, at 21. He further argued:

Being unable to understand the officers, like [Appellant] was unable to understand Officer Fogle, rendered his intelligence level so low that he was unable to validly consent to the blood-draw[.]

At best, [Appellant] responded to the officers in broken English. While he was able to follow visible demonstrations and simple, repeated commands during the [standard field sobriety tests], it failed to show that [Appellant] understood Officer Fogle's reading of his rights or that he validly consented to a blood draw.

**Id.** at 22-23.

Instantly, the suppression court evaluated Appellant's arguments and determined that Appellant voluntarily consented to the blood draw:

> [The suppression court] finds Officer Fogel's testimony to be fair and credible. Officer Fogel testified throughout the suppression hearing that [Appellant] understood the officer's verbal directives. The officer also explained the implied consent warnings, including the right to refuse to consent to the blood draw, and that [Appellant] understood them. Officer Fogel testified that [Appellant] exhibited an understanding of English, and [Appellant] was able to follow the instructions and directions of the officer at all times. [Appellant] followed the instructions as though he understood them and what was being asked of him.
>
> Importantly, [Appellant] did not once indicate that he did not understand or that he needed or wanted assistance or an interpreter. The fact that English is not [Appellant's] first language does not create the "substantial language barrier" that would deem the consent involuntary. **See Carmenates, supra.** This case is distinguishable from **Carmenates**. In that case, the defendant and the officer communicated through Google Translate and it was undisputed that the defendant did not speak or understand English. In this case, [Appellant] actually spoke English, albeit with an accent, and indicated that he understood the instructions of the officer. There was no need for translation because [Appellant] understood the officer and vice versa. [Appellant's] testimony to the contrary was self-serving and not credible.
>
> [Appellant] successfully completed the field sobriety tests that required real time comprehension and response to verbal commands including differentiating between right and left upon instruction. He understood the six (6) different commands given by the officer. He also conversed with the officer in English which further calls into question [Appellant's] testimony that he did not sufficiency understand his waiver of rights. At no point did [Appellant] express confusion or request assistance. These facts strongly indicate that [Appellant] possessed sufficient comprehension of English to understand the consent warnings provided in the DL-26B form.

Trial Court Opinion, 3/10/25, at 5-6 (our pagination).

We discern no abuse of discretion. A review of Officer Fogel's body worn camera confirms the suppression court's factual findings. Appellant conversed with officers in English, even spelling his last name for them. He further confirmed to officers that he understood the English language. Appellant followed the officers' commands and demonstrated that he understood what was being asked of him. If unsure, Appellant asked a follow-up question and appeared to understand the response. Prior to the walk and turn test, Appellant informed officers, in English, that he was in an accident and injured his leg which made it difficult for him to perform the test. The officers accepted his explanation and excused him from completing the test.

While there were times that Appellant struggled to follow the officers' instructions, they did not amount to a "substantial language barrier." Rather, it was possible that the lack of understanding stemmed from his inebriated state rather than a "substantial language barrier." Officer Fogel explicitly informed Appellant of his right to refuse a blood test and correctly warned him that refusal could lead to certain civil penalties. The Commonwealth is not required to demonstrate Appellant's knowledge of his right to refuse consent to establish that the consent was voluntary. *See Carmenates*, *supra.* Under the totality of the circumstances, the court properly determined that Appellant voluntarily consented to the blood draw. Considering the applicable

standard of review, we cannot say that the court erred in denying Appellant's

suppression motion.[2]

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/25/2026

_____

[2] To the extent Appellant also challenges the validity of his waiver of *Miranda* rights, he failed to articulate or specify what incriminating statement, if any, he sought to suppress based on a violation of his rights. Appellant's suppression motion generally averred that "the totality of the circumstances indicates that [Appellant's] waiver did not exhibit the requisite level of comprehension of the nature and consequences of the right being waived" and requested the trial court to suppress "all statements" made to Officer Fogel following the *Miranda* warning. *See* Omnibus Pretrial Motion, 8/30/24, at 10. As Appellant failed to "state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof[,]" we find this issue waived. *See* Pa.R.Crim.P. 581(D); *see also Commonwealth v. Freeman*, 128 A.3d 1231, 1241-42 (Pa. Super. 2015).